UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| HELEN HUGHES, on behalf of<br>RAY ALLEN HUGHES | Case No. 6:15-cv-2271-CL |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| COMMISSIONER OF SOCIAL<br>SECURITY, | |
| Defendant. | |

**CLARKE, Magistrate Judge:**

Plaintiff, Helen Hughes, on behalf of Ray Allen Hughes ("Hughes"), seeks to reverse and remand the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Hughes's application for Disability Insurance Benefits ("DIB") under title II of the Social Security Act. This court has jurisdiction under 42 U.S.C. § 405(g) and § 1383(c). Because the Commissioner's decision is supported by substantial evidence, it is AFFIRMED.

/////

/////

## ADMINISTRATIVE HISTORY

Hughes filed his application for DIB on September 6, 2012. Tr. 280. He alleged disability beginning May 15, 2004 due to stage four intestinal cancer, swelling of the brain, stomach cancer, pain, high blood pressure, and a knee condition. Tr. 162.[1] After the Commissioner denied his application initially and upon reconsideration Hughes requested a hearing before an Administrative Law Judge ("ALJ"). Administrative hearings were held on January 24, 2013, and March 6, 2013. Tr. 24-45, 46-79.

On April 26, 2014, the ALJ issued a decision finding Hughes not disabled. Tr. 8-23. The Appeals Council denied Hughes's subsequent request for review on July 11, 2013, and the ALJ's decision became the Commissioner's final decision subject to review by this court. Tr. 1-4; 20 C.F.R. §§ 404.981, 422.210. Hughes appealed the Commissioner's decision to the District Court. After Hughes submitted briefing, the Commissioner agreed to remand the case for further proceedings. The District Court adopted the parties' Stipulated Motion for Remand, reversed the ALJ's decision, and remanded the case to the Agency for further proceedings on August 22, 2014. Tr. 400-04. The ALJ reviewed new evidence and held another hearing on July 7, 2015. Tr. 307-26. In a decision dated August 28, 2015, the ALJ again found Hughes not disabled, and Plaintiff sought review in this court. Tr. 290-306.

## BACKGROUND

Born in November, 1955, Hughes was 56 years old when he filed his application for DIB. Tr. 280. He has past relevant work as a recreational vehicle repairer and business manager. Tr. 300.

/////

---

[1] Citations are to the page(s) indicated in the official transcript of the record filed on May 27, 2016 (ECF No. 13).

Page 2 – OPINION AND ORDER

## ALJ'S FINDINGS

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520; *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

At step one, the ALJ found that Hughes had not engaged in substantial gainful activity after the alleged onset date through his date last insured of December 31, 2010. Tr. 295. At step two, the ALJ found that Hughes has the following severe impairments: osteoarthritis of the knees, status post arthroscopic surgery and history of fractures malleolus, and obesity. Tr. 296. At step three, the ALJ found Hughes did not have an impairment or combination of impairments that met or medically equaled a listed impairment. *Id.*

The ALJ next assessed Hughes's RFC and determined that through the date last insured, he could perform a range of light work with the following limitations: he can stand and walk each six hours in an eight hour workday; sit for six hours per day; lift 20 pounds occasionally and 10 pounds frequently; occasionally climb ladders, ropes, and scaffolds; frequently climb ramps and stairs; occasionally crouch, kneel, and crawl; and frequently balance and stoop. Tr. 296.

At step four, the ALJ found Hughes could not perform any of his past relevant work. Tr. 300. At step five, the ALJ determined Hughes had transferable skills from his past work and could perform jobs that exist in significant numbers in the national economy, including parts

sales person and invoice control clerk. Tr. 301. The ALJ therefore concluded Hughes was not disabled during the relevant period. *Id.*

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). This court must weigh the evidence that supports and detracts from the ALJ's conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007), citing *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The reviewing court may not substitute its judgment for that of the Commissioner. *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1205 (9th Cir. 2008), citing *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007); *see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is "'supported by inferences reasonably drawn from the record.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008), quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see also Lingenfelter*, 504 F.3d at 1035.

## DISCUSSION

Plaintiff argues that the ALJ erred by failing to find Hughes's knee impairments met Listing 1.02A at step three.[2] At step three, the ALJ determines whether the claimant's severe impairment meets or equals one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). Here, the ALJ considered all the medical evidence of Hughes's impairments in light of listing 1.02A, which addresses knee impairments like those alleged in Hughes's application. To meet Listing 1.02A, a claimant must present

---

[2] Plaintiff also alleged in her Opening Brief that the ALJ erred by failing to follow the District Court's order, but conceded this argument in her Reply Brief.

Page 4 – OPINION AND ORDER

evidence of "major dysfunction of a joint" with "gross anatomical deformity" and chronic joint pain, range of motion limitations "or other abnormal motion," and "findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankyloses of the affected joint" causing "inability to ambulate effectively."

Here, Hughes failed to present evidence of an inability to ambulate effectively. In the first decision, the ALJ noted that Hughes sought only conservative treatment for his alleged knee pain. Tr. 388. The ALJ also found that objective findings revealed no significant functional deficits. The medical record reveals that Hughes consistently presented in "good health" and showed normal range of motion and normal gait. Tr. 209, 214, 216, 223, 255. There is no evidence in the record that Hughes used an assistive device or was significantly limited in his ability to walk, and the record contains no imaging from the relevant period to support a finding that Hughes met listing 1.02A. On this record, the ALJ's step three finding was reasonable and is therefore affirmed. *Tommasetti*, 533 F.3d at 1038.

Plaintiff argues that the opinion of Anthony Francis, M.D., provides the requisite medical evidence to show Hughes meets listing 1.02A. The court disagrees. While Dr. Francis opined that there "probably was enough pathology to reasonably equal 1.02A in the period in question," he stated in the same paragraph that "there isn't enough evidence in the record to conclusively say that was the case." Tr. 526, 528. Dr. Francis also opined that any evidence supporting a finding that Hughes met listing 1.02A was "anecdotal." Tr. 528. Such anecdotal evidence is not sufficient to support a finding of disability at step three. *See Tackett*, 180 F.3d at 1100; 20 C.F.R. § 404.1529(d)(3). To the extent there was a conflict in Dr. Francis's opinion, the ALJ was entitled to resolve that conflict and reasonably conclude that Hughes did not meeting listing 1.02A. *See Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008) (the ALJ is responsible

Page 5 – OPINION AND ORDER

for resolving conflicts in the medical record, including conflicts among physicians' opinions).

The ALJ's decision is affirmed.

## **CONCLUSION**

For the reasons discussed above, the Commissioner's decision that Hughes is not disabled is supported by substantial evidence and is therefore AFFIRMED.

IT IS SO ORDERED.

DATED this 2 day of February, 2017.

Mark Clarke
United States Magistrate Judge

Page 6 – OPINION AND ORDER